DOE *ex dem. et al. vs.* ROE, casual ejector, *et al.*

1. Where the proof shows that the defendant in an action of ejectment was in possession of the lot of land in suit, the year before suit was brought and after the suit was brought, this is sufficient evidence of possession of the premises to authorize a recovery against him.

2. When land was drawn by, and granted to W. H.'s orphans, and there be a demise in plaintiff's declaration from them, and the grant is in evidence with proof of possession by defendant, and no adverse title is relied on by defendant, the plaintiff is entitled to a verdict.

3. The fact that the deed from the drawers of the lot to the plaintiff's lessor does not contain the number of the district, the 'land being otherwise sufficiently described, or the date of the month of the execution of the deed is left blank, and that the deed was not recorded in time, or that the drawers were swindled out of the land, do not affect the plaintiff's right to recover as against a mere wrongful holder, there being no other deed from the drawers; and so the Court ought to instruct the jury.

Ejectment, in Lee Superior Court. Tried before Judge PERKINS, at March Term, 1860.

The plaintiffs in error brought this suit against defendants to recover lot of land No. 30, in the 14th district of said county.

On the trial, plaintiffs put in evidence a grant from the State for said lot, issued to William Hooper's orphans, of Merritt's district, DeKalb county, dated 9th April, 1835.

Also, a deed from Daniel R. Turner, Edward L. McGriff, and Harrison Hooper, to James J. Blackshear, dated in 1835, the month and day of the month left blank; also, the district in which the lot was situated.

To the introduction of which deed objection was made, when offered, and the objection overruled.

Objection was also made that the month was not set forth in the affidavit of Mitchell B. Jones proving the execution of the deed, and did not show that the certificate of record was not before the probate of the deed.

Plaintiff proved by one Martin that he, Martin, bought the lot from defendant, and let him take it back in the fall of 1853; paid rent to him; thinks the lot was in cultivation in 1844; does not know by whom; cannot say the defendant was in possession in 1854, or whether any crop was made on it; saw some advertisements on the trees about warning persons not to trespass on it; thinks the defendant or his tenants have been in possession since 1854 until now; rent worth $2 00 per acre; witness lives upon the adjoining lot; never knew any other person in possession of the other lot but defendant and his tenants.

It was in proof that the lessors set forth as the heirs of James Blackshear, were the widow and only children of James Blackshear, deceased; that Harrison Hooper and the wives of Daniel R. Turner and Edward L. McGriff were the orphans of William Hooper at the time of giving in and drawing the land, and who, a witness, Jones, testified had been swindled out of their land by a land speculator.

J. J. Scarborough testified, that he knew James Blackshear, of Laurens county, son of David Blackshear, and James J. Blackshear, of Thomas county, son of Edward Blackshear; that James Blackshear was married to Harriet Jones in 1834; that they could not have had a child twenty-one years old in May, 1854.

Defendant introduced no evidence.

The jury having found for defendant, counsel for plaintiff moved for a new trial, on the following grounds:

1st. Because the jury found contrary to the charge of the Court in this: The Court charged that the grant to the orphans of William Hooper gave them a good title to the land in dispute, and that they were entitled to recover it of any and every one in possession of it, if the title had not passed out of them to James J. Blackshear or some one else, as they are parties to the suit and claim to recover it; and that a deed for land need not have a date, but takes effect from the delivery, and a description in a deed which shows what is conveyed, is sufficient, whether it contains any number of district or not; and if the jury were notified of this, and the defendant, by himself or tenants, were in possession at

the commencement of the suit, plaintiffs are entitled to recover.

2d. Because the jury found contrary to the charge of the Court in this: That if the deed from Hooper's orphans is so uncertain as not to hold, then the orphans of Hooper, whose deed is so uncertain as not to pass the title out of them, are entitled to recover the land of defendants, if, by himself or tenant, he was in possession at the commencement of the suit.

3d. Because the Court refused to charge the jury as requested in writing by the plaintiffs, that defendant cannot defend his possession upon the supposition that the orphans of Hooper were minors at the date of the deed in 1835.

4th. Because the Court refused to charge, that the defendant could not defend his possession of the land on the supposition that the orphans of Hooper had been swindled out of their land by a land speculator.

5th. Because the jury found contrary to the evidence and contrary to law.

6th. Because the Court refused to charge, that the record of the deed is of no consequence, unless there be a junior deed from the same party.

The Court refused the motion for a new trial, and counsel for plaintiff excepted.


WARREN & WARREN, for plaintiffs in error.


HAWKINS, *contra*.

*By the Court.*—LYON, J., delivering the opinion.

The first question in this case is, whether there was sufficient proof of possession of the premises in dispute by the defendant at the commencement of the suit, to justify a recovery? And we think that there was.

1. The defendant had been in the possession previously; had sold and took it back; rented it out for the year 1853, the year before the suit was brought. The lot was in cultivation that year, 1844, and the defendant and his tenants have been in the continued possession since, and up to the trial. All this was sufficient evidence to authorize a finding against him. There is no sense in the rule thatrequires this proof. Here this defendant has been litigating the right of these plaintiffs to recover this lot for the last six years, and no doubt trying all the time to set up a statutory title in himself to the lot, and on the final trial, because the plaintiff does not show him to be in possession the day suit happens to be brought, he is to be defeated in a recovery. If the defendant was not in possession and holding against the plaintiffs, he ought to have come forward and disclaimed title, or otherwise he should be taxed with the costs.

2. The lot was drawn by, and granted to William Hooper's orphan, and when the grant to them was put in evidence as it was, as there was a demise in the plaintiff's declaration from them, the plaintiff was entitled to a verdict, there being no adverse title relied on by the defendant.

3. The plaintiff having put in evidence a deed from the orphans of Hooper to James J. Blackshear, and having also shown who were the heirs at law of James J. Blackshear, he being dead, was entitled to recover on that demise. The fact that the number of the district was not inserted in the deed, made no difference, as the description otherwise appearing in the deed was sufficiently certain to designate the land intended to be conveyed, nor did it make any difference that the deed did not contain the day of the month on which it was executed. Nor was it material to the defendant whether the deed was recorded in time or not, or whether the drawers of the land were swindled out of it; and so the Court

ought to have instructed the jury in the absence of any opposing titles from those grantors. It is useless to notice those questions any further, as counsel for defendant frankly conceded that the case was against him, unless the verdict could be supported by the want of proof of possession by the defendant at the commencement of the suit, and we agree with him.

Judgment reversed.